UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Melissa L.R.,[1]

                          Plaintiff,              1:21-cv-00318(BKS)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,

                          Defendant.

---

**Appearances:**

*For Plaintiff:*
Charles E. Binder
Law Office of Charles E. Binder and Harry J. Binder, LLP
485 Madison Avenue, Suite 501
New York, NY 10022

*For Defendant:*
Carla B. Freedman
United States Attorney
Michael L. Henry
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
J.F.K. Federal Building, Room 625
Boston, MA 02203

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Melissa L.R. filed this action under 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's

---

[1] In accordance with the local practice of this Court, Plaintiff's name has been abbreviated to protect her privacy.

applications for Supplemental Social Security Income ("SSI") and Social Security Disability Insurance ("SSDI") Benefits. (Dkt. No. 1). The parties' briefs, filed in accordance with N.D.N.Y. General Order 18, are presently before the Court. (Dkt. Nos. 14, 15). After carefully reviewing the Administrative Record,[2] (Dkt. No. 9), and considering the parties' arguments, the Court reverses the decision of the Commissioner and remands this matter for reassignment to a new Administrative Law Judge in accordance with *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018) and *Carr v. Saul*, 141 S. Ct. 1352 (2021).

## II.    BACKGROUND

Plaintiff applied for SSI and SSDI benefits on May 31, 2016, alleging a disability onset date of October 31, 2014. (R. 333, 340). Plaintiff's claims were denied initially on August 23, 2016. (R. 198–204). On September 12, 2016, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (R. 206). ALJ Andrew Soltes held a hearing on January 2, 2018. (R. 85–139). Plaintiff, her attorney, and a vocational expert appeared at the hearing. (R. 87). On March 8, 2018, ALJ Soltes issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 176–88). Plaintiff filed a request for review of that decision; on July 22, 2019, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision for failing to admit treatment notes from Plaintiff's medical providers and rejecting the opinions of those providers, and remanded the case back to the ALJ for further consideration of the opinion evidence, residual functional capacity, and to obtain evidence from a vocational expert, if warranted. (R. 195–96).

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 9), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

On February 18, 2020, ALJ Soltes held a second hearing, at which Plaintiff, her attorney, and a vocational expert appeared. (R. 34–83). On March 30, 2020, ALJ Soltes issued a second decision finding that Plaintiff was not disabled. (R. 11–24). Plaintiff filed a request for review of the second decision; on January 21, 2021, the Appeals Council denied Plaintiff's request, making ALJ Soltes' decision the final decision of the Commissioner. (R. 1–3). On March 19, 2021, Plaintiff commenced the instant action. (Dkt. No. 1).

### III.  DISCUSSION

In her motion for judgment on the pleadings, Plaintiff raises a both a constitutional and substantive challenge to the ALJ's decision. (Dkt. No. 14). Specifically, Plaintiff argues that: (1) because ALJ Soltes was unconstitutionally appointed at the time he rendered his first decision on March 8, 2018, the Appeals Council erred when it remanded her case back to ALJ Soltes for rehearing and a new decision; and (2) ALJ Soltes erred in weighing the medical opinion evidence, determining Plaintiff's residual functional capacity, and in evaluating her subjective complaints of pain. (*Id.*). Because the Court agrees that remand for a new hearing before a different ALJ is required based on the Appointments Clause violation in this case, the Court does not reach Plaintiff's other arguments.

In *Lucia*, the Supreme Court held that because the Appointments Clause allowed "[o]nly the President, a court of law, or a head of department" to appoint "Officers of the United States," 138 S. Ct. at 2051 (citing U.S. Const. art. II, § 2, cl. 2), and the Securities and Exchange Commission's ALJs were "Officers of the United States," they had been unconstitutionally appointed, *id.* at 2055. The Court recognized, as it had previously, "that the 'appropriate' remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed' official." *Id.* (quoting *Ryder v. United States*, 515 U.S. at 182–83). The Court then

3

added "one thing more"—it specified that the ALJ presiding over the new hearing could not be the same ALJ:

> That official cannot be Judge Elliot, even if he has by now received (or receives sometime in the future) a constitutional appointment. Judge Elliot has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before. To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which Lucia is entitled.

*Id.*

The holding in *Lucia* impacted the Social Security Administration. *See Carr*, 141 S. Ct. at 1357 ("Like the SEC ALJs at issue in *Lucia*, SSA ALJs had been selected by lower level staff rather than appointed by the head of the agency."). And "[o]n July 16, 2018, a few weeks after *Lucia* was decided, the SSA's Acting Commissioner pre-emptively 'address[ed] any Appointments Clause questions involving Social Security claims' by 'ratif[ying] the appointments' of all SSA ALJs and 'approv[ing] those appointments as her own.'" *Carr*, 141 S. Ct. at 1357 (quoting 84 Fed. Reg. 9583 (2019)). The SSA subsequently issued a ruling requiring the Appeals Council to vacate "preratification ALJ decisions" and provide a new hearing before a different ALJ—but only if claimants "had raised an Appointments Clause challenge in either their ALJ or Appeals Council proceedings." *Id.* Claimants who failed to object to the ALJs' appointments "would receive no relief." *Id.* When claimants who had not pressed Appointments Clause claims during administrative proceedings sought judicial review in federal court, the Commissioner took the position that those claimants "had forfeited their Appointments Clause challenges by failing to raise them before the agency." *Id.* The Supreme Court in *Carr* rejected this argument and held claimants were not required to exhaust their Appointments Clause claims during agency proceedings and could raise them for the first time in federal court. *Id.* at 1362.

The Court explained that "[t]aken together, the inquisitorial features of SSA ALJ proceedings, the constitutional character of petitioners' claims, and the unavailability of any remedy make clear that adversarial development of the Appointments Clause issue simply did not exist (and could not exist) in petitioners' ALJ proceedings." *Id.* (quotation marks and alteration omitted). The Court therefore held that "claimants are not required to exhaust [an Appointments Clause challenge] in administrative proceedings to preserve them for judicial review, claimants who raise those issues for the first time in federal court are not untimely in doing so." *Id.*

Here, it is undisputed that at the time of his March 2018 decision, ALJ Soltes was not properly appointed under the Appointments Clause of the United States Constitution. ALJ Soltes was, however, properly appointed at the time he re-heard Plaintiff's claim on February 18, 2020, and issued his second decision on March 30, 2020. The Commissioner argues that "Plaintiff did not challenge ALJ's appointment, either during the prior administrative proceedings or when she requested review of the March 2018" decision. (Dkt. No. 15, at 32). But as discussed, Plaintiff has not forfeited her Appointments Clause claim by failing to raise it before the agency. *Carr*, 141 S. Ct. at 1362. Further, because the Appeals Council remanded her claim for rehearing before the same, though now properly appointed, ALJ, this is Plaintiff's first opportunity to raise the Appointments Clause issue in federal court.

The Second Circuit has not addressed the issue of whether *Lucia* and *Carr* require remand for rehearing before a different ALJ where, as here, remand for rehearing was based on a defect in the ALJ's first decision and the ALJ was properly appointed by the time of the second hearing. The district courts are divided. *Compare Camille B. v. Kijakazi*, No. 20-cv-262, 2021 WL 4205341, at *3, 2021 U.S. Dist. LEXIS 176667, at *8–9 (E.D. Va. Sept. 15, 2021) (rejecting the plaintiff's Appointments Clause argument, explaining that because the ALJ was properly

5

appointed by the time of the second hearing, and the Appeals Council had vacated the ALJ's first decision "on the merits," "the reason behind the Court's remedy in *Lucia*," which was "animated by the fear of an ALJ who has 'no reason to think he did anything wrong on the merits—and so could be expected to reach all the same judgments' is not applicable here" (quoting *Lucia*, 138 S. Ct. at 2055 n.5)), and *Govachini v. Comm'r of Soc. Sec.*, No. 19-cv-1433, 2020 WL 5653339, at *1 n.1, 2020 U.S. Dist. LEXIS 174254, at *1 n.1 (W.D. Pa. Sept. 23, 2020) ("ALJ Leslie Perry-Dowdell was properly appointed during the entirety of the administrative adjudication of this case after the Court had overturned her earlier decision. As such, even if the Court were inclined to permit Plaintiff to raise an Appointments Clause argument at this late stage of the proceedings, such a claim would be without merit."), *with Misty D. v. Kijakazi*, No. 18-cv-206, 2022 WL 195066, at *2–3, 2022 U.S. Dist. LEXIS 11717, at *6 (N.D.N.Y. Jan. 21, 2022) ("[S]ince Plaintiff was not required to raise her Appointments Clause challenge before the SSA, it is not forfeited. Moreover, as the Commissioner concedes, ALJ Ramos was unconstitutionally appointed at the time he took testimony and rendered his first decision in 2016. The subsequent attempt to cure that defect when Commissioner Berryhill reappointed all of the agency's ALJs did not cure that defect"), and *Hoerle v. Comm'r of Soc. Sec.*, No. 21-cv-11605, 2022 WL 2442203, at *16, 2022 U.S. Dist. LEXIS 117781, at *45 (E.D. Mich. June 16, 2022) ("[W]hile the Commissioner states that the Appointments Clause violation has been 'cured' by vacating the earlier determination on its merits, sending the case back to the same ALJ for further determination would presumably address the substantive errors identified by the Appeals Council, but would not allow for the remedy set forth in *Lucia*: a new hearing and determination by a different ALJ"), *report and recommendation adopted*, 2022 WL 2440341, 2022 U.S. Dist. LEXIS 117726 (E.D. Mich. July 5, 2022), and *Welch v. Comm'r of Soc. Sec.*, No. 20-cv-1795,

2021 WL 1884062, at *5, 2021 U.S. Dist. LEXIS 89478, at *15–16 (S.D. Ohio May 11, 2021) (same), *report and recommendation adopted*, 2021 WL 2142805, 2021 U.S. Dist. LEXIS 99408 (S.D. Ohio May 26, 2021), and *Navarre L. v. Comm'r of Soc. Sec.*, No. 21-cv-05420, 2022 WL 190711, at *5–6, 2022 U.S. Dist. LEXIS 11511, at *15–16 (W.D. Wash. Jan. 21, 2022) (same).

The Court finds those cases that hold that rehearing by the same ALJ, even if properly appointed, does not cure the Appointments Clause defect, to be more persuasive. ALJ Soltes, even in adhering to the Appeals Council's remand instructions, "cannot be expected to consider the matter as though he had not adjudicated it before." *Lucia*, 138 S. Ct. at 2055. The Supreme Court was very specific about the remedy required for a violation of the Appointments Clause: "To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which [the claimant] is entitled." *Id.* Here, because ALJ Soltes had already heard Plaintiff's case in 2018, and "cannot be expected to consider the matter as though he had not adjudicated it before," and because the "appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official," the Appointments Clause violation in 2018 was not remedied. *Lucia*, 138 S. Ct. at 2055. ALJ Soltes' involvement in the decision on remand "continued—rather than cured—the constitutional violation attendant to the first decision." *James R. v. Comm'r of Soc. Sec.*, No. 20-5632, 2021 WL 4520560, at *7, 2021 U.S. Dist. LEXIS 191160, at *19 (W.D. Wash. Oct. 4, 2021). Accordingly, Plaintiff's motion for judgment on the pleadings is granted as to her Appointments Clause challenge and this case is remanded for a new hearing before a different ALJ.

### IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED**; and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing before a different Administrative Law Judge; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: August 8, 2022

Brenda K. Sannes
U.S. District Judge