UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MELISSA L.R.,[1]

                Plaintiff,

v.                                                          1:21-cv-00318 (BKS)

KILOLO KIJAKAZI, Acting Commissioner of the Social
Security Administration,

                Defendant.
_____

**Appearances:**

*For Plaintiff:*
Charles E. Binder
Law Office of Charles E. Binder and Harry J. Binder, LLC
485 Madison Avenue, Suite 501
New York, NY 10022

*For Defendant:*
Carla B. Freedman
United States Attorney
Michael L. Henry
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Melissa L.R. filed this action under 42 U.S.C. § 405(g) seeking review of the

Commissioner of Social Security's (the "Commissioner") denial of her application for

Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI")

---

[1] In accordance with the local practice of this Court, Plaintiff's name has been abbreviated to protect her privacy.

1

Benefits. (Dkt. No. 1). On August 8, 2022, the Court entered judgment in Plaintiff's favor and remanded this case for further proceedings. (Dkt. No. 18). As the prevailing party, Plaintiff moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorney's fees and costs in the sum of $9,674.89. (Dkt. Nos. 20, 22). The Commissioner opposes Plaintiff's motion on the ground that the Commissioner's position was substantially justified. (Dkt. No. 21). For the following reasons, Plaintiff's motion is denied.

## II.   BACKGROUND

Plaintiff applied for SSI and SSDI benefits on May 31, 2016. (R. 333, 340). Following an initial denial, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). (R. 198–204, 206). ALJ Andrew Soltes held a hearing on January 2, 2018, (R. 85–139), and on March 8, 2018, issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act (R. 176–88). Plaintiff filed a request for review of that decision with the Appeals Council. (R. 195–96). On June 22, 2019, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case back to ALJ Soltes for further proceedings. (R. 195–96). On February 18, 2020, ALJ Soltes, held a second hearing, (R. 34–83), and on March 30, 2020, issued a second decision finding that Plaintiff was not disabled. (R. 11–24). On March 19, 2021, after the Appeals Council denied Plaintiff's request for review, (R. 1–3), Plaintiff filed the instant action, (Dkt. No. 1).

On June 21, 2018, between Plaintiff's first and second hearings before ALJ Soltes, the Supreme Court issued *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), holding that because the Appointments Clause allowed "[o]nly the President, a court of law, or a head of department" to appoint "Officers of the United States," 138 S. Ct. at 2051 (citing U.S. Const. art. II, § 2, cl. 2), and the Securities and Exchange Commission's ("SEC") ALJs were "Officers of the United

States," they had been unconstitutionally appointed, *id.* at 2055. The "'appropriate' remedy for an adjudication tainted with an appointments violation," the Court explained, was "a new 'hearing before a properly appointed' official." *Id.* (quoting *Ryder v. United States*, 515 U.S. at 182–83).

On July 16, 2018, recognizing that Social Security ALJs, like the SEC ALJs at issue in *Lucia*, had been unconstitutionally appointed because they "had been selected by lower level staff rather than appointed by the head of the agency," *Carr v. Saul*, 141 S. Ct. 1352, 1357 (2021), the SSA's Acting Commissioner "pre-emptively 'address[ed] any Appointments Clause questions involving Social Security claims' by 'ratif[ying] the appointments' of all SSA ALJs and 'approv[ing] those appointments as her own.'" *Carr*, 141 S. Ct. at 1357 (quoting 84 Fed. Reg. 9583 (2019)). Thus, while ALJ Soltes had not been constitutionally appointed at the time of Plaintiff's first hearing, by the time ALJ Soltes conducted Plaintiff's second hearing on February 18, 2020, (R. 34), he had been constitutionally appointed.

In this action, Plaintiff argued that because ALJ Soltes had not been constitutionally appointed at the time of the first hearing, she was entitled, under *Lucia*, to a different ALJ at the second hearing and that, in any event, the Commissioner's finding that she was not disabled, was not supported by substantial evidence. (Dkt. No. 14). The Commissioner responded that: (1) Plaintiff failed to preserve any Appointments Clause challenge by not objecting to ALJ Soltes's appointment during the proceedings below; (2) any Appointments Clause issue was cured because the first decision was vacated on the merits allowing ALJ Soltes, who was properly appointed by the time of the second hearing, to consider Plaintiff's disability claim anew; and (3) there was no error with respect to the merits. (Dkt. No. 15). The Court found that the Supreme

3

Court's decision in *Carr*[2]—that "claimants are not required to exhaust [Appointments Clause] issues in administrative proceedings to preserve them for judicial review"—foreclosed the Commissioner's first argument. (Dkt. No. 18, at 5 (citing *Carr*, 141 S. Ct. at 1362)). However, the Court found the Commissioner's second argument—that *Lucia* and *Carr* did not require remand where, as here, the ALJ was properly appointed by the time of the second hearing and the first decision had been vacated on the merits—was not without legal support. As the Court explained:

> The district courts are divided. *Compare Camille B. v. Kijakazi*, No. 20-cv-262, 2021 WL 4205341, at *3, 2021 U.S. Dist. LEXIS 176667, at *8–9 (E.D. Va. Sept. 15, 2021) (rejecting the plaintiff's Appointments Clause argument, explaining that because the ALJ was properly appointed by the time of the second hearing, and the Appeals Council had vacated the ALJ's first decision "on the merits," "the reason behind the Court's remedy in *Lucia*," which was "animated by the fear of an ALJ who has 'no reason to think he did anything wrong on the merits—and so could be expected to reach all the same judgments' is not applicable here" (quoting *Lucia*, 138 S. Ct. at 2055 n.5)), *and Govachini v. Comm'r of Soc. Sec.*, No. 19-cv-1433, 2020 WL 5653339, at *1 n.1, 2020 U.S. Dist. LEXIS 174254, at *1 n.1 (W.D. Pa. Sept. 23, 2020) ("ALJ Leslie Perry-Dowdell was properly appointed during the entirety of the administrative adjudication of this case after the Court had overturned her earlier decision. As such, even if the Court were inclined to permit Plaintiff to raise an Appointments Clause argument at this late stage of the proceedings, such a claim would be without merit."), *with Misty D. v. Kijakazi*, No. 18-cv-206, 2022 WL 195066, at *2–3, 2022 U.S. Dist. LEXIS 11717, at *6 (N.D.N.Y. Jan. 21, 2022) ("[S]ince Plaintiff was not required to raise her Appointments Clause challenge before the SSA, it is not forfeited. Moreover, as the Commissioner concedes, ALJ Ramos was unconstitutionally appointed at the time he took testimony and rendered his first decision in 2016. The subsequent attempt to cure that defect when Commissioner Berryhill reappointed all of the agency's ALJs did not cure that defect"), *and Hoerle v. Comm'r of Soc. Sec.*, No. 21-cv-11605, 2022 WL 2442203, at *16, 2022 U.S. Dist. LEXIS 117781, at *45 (E.D. Mich. June 16, 2022) ("[W]hile the Commissioner states that the Appointments Clause violation has

---

[2] *Carr* was issued on April 21, 2021, 141 S. Ct. 1352, after Plaintiff commenced this action, (*see* Dkt. No. 1 (Complaint filed March 19, 2021))

> been 'cured' by vacating the earlier determination on its merits, sending the case back to the same ALJ for further determination would presumably address the substantive errors identified by the Appeals Council, but would not allow for the remedy set forth in Lucia: a new hearing and determination by a different ALJ"), *report and recommendation adopted*, 2022 WL 2440341, 2022 U.S. Dist. LEXIS 117726 (E.D. Mich. July 5, 2022), and *Welch v. Comm'r of Soc. Sec.*, No. 20-cv-1795, 2021 WL 1884062, at *5, 2021 U.S. Dist. LEXIS 89478, at *15–16 (S.D. Ohio May 11, 2021) (same), *report and recommendation adopted*, 2021 WL 2142805, 2021 U.S. Dist. LEXIS 99408 (S.D. Ohio May 26, 2021), *and Navarre L. v. Comm'r of Soc. Sec.*, No. 21-cv-05420, 2022 WL 190711, at *5–6, 2022 U.S. Dist. LEXIS 11511, at *15–16 (W.D. Wash. Jan. 21, 2022) (same).

(Dkt. No. 18, at 6–7). Ultimately, the Court found those cases that held "that rehearing by the same ALJ, even if properly appointed, d[id] not cure the Appointments Clause defect, to be more persuasive," granted Plaintiff's motion for judgment on the pleadings and remanded this matter for a new hearing before a different ALJ. (Dkt. No. 18, at 7). Having found that remand was required on the Appointments Clause issue, the Court did not address the underlying merits of Plaintiff's disability claim.

### III. DISCUSSION

#### A. Standard – EAJA

The EAJA provides, in relevant part, that:

> [a] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "The Commissioner bears the burden of showing that [her] position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). This requires the Commissioner to "demonstrate that his position had a reasonable basis both in law and fact." *Id.*

5

(internal quotation marks omitted). "When assessing the 'position of the United States,'" the court must "review both 'the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based.'" *Id.* at 82 (quoting 28 U.S.C. § 2412(d)(2)(D)). "The fact that the government's position in the case was not accepted by the court . . . does not alone dictate a finding, or even raise a presumption, that the government's position was not substantially justified." *Dewonkiee L.B. v. Comm'r of Soc. Sec.*, No. 19-cv-0503, 2021 WL 3417842, at *3, 2021 U.S. Dist. LEXIS 146607, at *6 (N.D.N.Y. Aug. 5, 2021) (citations omitted). "[A] string of losses can be indicative" that a position is not substantially justified, and "even more so a string of successes" can indicate substantial justification. *Pierce*, 487 U.S. at 569.

    **B.**    **Substantially Justified**

        **1.**    **Appointments Clause**

It is undisputed that Plaintiff is the prevailing party in this case and neither party contends any special circumstances counsel against an EAJA award. The controversy arises over whether the Commissioner's position was substantially justified such that Plaintiff's motion for attorney's fees must be denied. The Commissioner argues that there was a "reasonable basis in law and fact" for her position "that the ALJ's July 16, 2018 appointment cured any constitutional defect in his earlier decision . . . as evidenced by this Court's own acknowledgment that the question was close enough to divide the district courts and had not yet been resolved at the circuit level." (Dkt. No. 21, at 2). Plaintiff counters that the Commissioner's position was "unreasonable" because "the Court found clear legal error in not assigning a new ALJ." (Dkt. No. 20-2, at 3–4). Plaintiff also asserts that "there can be no serious dispute that the vast majority of District Courts

6

to consider this issue have ruled against the position taken by Defendant here." (Dkt. No. 22, at 3).

Plaintiff essentially argues that the Commissioner's position was not substantially justified because the Court found in Plaintiff's favor and remanded the case for reassignment to a properly appointed ALJ. This argument fails. The Commissioner's position was rejected by the Court, but such rejection is not dispositive on the question of whether the position was substantially justified. *See Dewonkiee*, 2021 WL 3417842, at *3, 2021 U.S. Dist. LEXIS 146607, at *6; *see also Latoya A. v. Kijakazi*, No. 19-cv-581, 2022 WL 969650, at *2, 2022 U.S. Dist. LEXIS 60493, at *6 (N.D.N.Y. Mar. 31, 2022) ("[T]he determinative question is whether at the time the Commissioner took the relevant position in this case, it was substantially justified, rather than whether the ultimate resolution of the issue was in the Commissioner's favor.") (citation omitted).

In the separate context of administrative exhaustion of Appointments Clause claims, many courts have held that even after the Supreme Court's clarifying decision in *Carr*,[3] the Commissioner's position was substantially justified if the Commissioner relied on a principle of law that was unsettled when the commissioner took the relevant position. *See Jacqueline v. Kijakazi*, No. 18-cv-01977, 2022 WL 4289785, at *2, 2022 U.S. Dist. LEXIS 168239, at *5 (D. Conn. Mar. 9, 2022) ("[T]he position of the Commissioner in this matter was substantially justified as the law in this area was unsettled."); *see also Dewonkiee*, 2021 WL 3417842, at *3, 2021 U.S. Dist. LEXIS 146607, at *7–8 ("The Second Circuit Court of Appeals has not weighed in on the issue. Prior to the Supreme Court's decision in *Carr*, the district courts within the circuit were markedly split on the issue. . . although the greater weight of authority favored a

---

[3] 141 S. Ct. 1352 (2021).

finding that plaintiffs have a duty to exhaust. . . .Based upon these circumstances I am hard pressed to conclude that the government's position in this action – one that was both consistent with the greater weight of authority and accepted by me in my initial decision in this action – was not substantially justified."); *see also Nelson S. v. Saul*, No. 19-cv-01289, 2021 WL 5768520, at *4–5, 2021 U.S. Dist. LEXIS 232650, at *10–11 (D. Conn. Dec. 6, 2021) ("The Court finds that the Commissioner's position was substantially justified due to the unsettled law surrounding the exhaustion requirement of an Appointments Clause challenge at the time of plaintiff's administrative hearing and subsequent federal appeal . . . . This Court finds that the Commissioner's position can be substantially justified when the state of the law was in such considerable flux."); *see also Garth D. v. Comm'r of Soc. Sec.*, No. 18-cv-01326, 2022 WL 2589787, at *4, 2022 U.S. Dist. LEXIS 122421, at *12 (W.D.N.Y. July 8, 2022) ("Based on the unsettled nature of the law prior to the Supreme Court's holding in *Carr*, and because the majority of courts within the Second Circuit had reached a conclusion consistent with the Commissioner's position, the Court simply cannot say that the Commissioner's position in opposing Plaintiff's motion for remand was not 'substantially justified.' The fact that multiple courts at both the circuit and district-court level agreed with the Commissioner's position on this issue supports that it had a reasonable basis in law and fact.") (citations omitted). Although the primary issue in the instant action is not exhaustion, the logic of these cases is illustrative.

      Plaintiff contends that while some district court cases support Commissioner's position, the "vast majority of District Courts to consider this issue have ruled against the position taken by Defendant here." (Dkt. No. 22, at 3). The Commissioner responds that "[b]ecause neither the Second Circuit nor this district had spoken on the constitutional issue here, the Commissioner was substantially justified believing that the out-of-district cases supporting her position

provided a reasonable path to defending this case." (Dkt. No. 21, at 4). The Court agrees. Here, given the developing caselaw and divided, albeit unevenly, district courts at the time the Court issued the decision, the Court finds that the Commissioner's position was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565.

      The caselaw that has developed *since* this Court's decision appears to place the Commissioner's position firmly in the minority. Indeed, since then, the Fourth and Ninth Circuits have held that where an ALJ rendered a decision in violation of the Appointments Clause, a second hearing and decision by the same ALJ, even after the appointment was ratified, does not cure the violation and under *Lucia* the proper remedy is a new hearing before "a different and properly appointed ALJ." *Brooks v. Kijakazi*, 60 F.4th 735, 736, 743–44 (4th Cir. 2023); *Cody v. Kijakazi*, 48 F.4th 956, 963 (9th Cir. 2022). But at the time the Court issued its decision on August 8, 2022, there were only a handful of district court cases, and no Circuit Court cases, addressing the issue of whether rehearing on the merits by the same ALJ, whose appointment had been ratified since the first hearing, could cure the Appointments Clause violation. Although Plaintiff notes that the Commissioner cited only two cases in support of the position that any Appointments Clause issue was cured by the second hearing, (Dkt. No. 22, at 2–3), the Court itself only cited four cases in rejecting the Commissioner's position—one of which, *Misty D.*, 2022 WL 195066, 2022 U.S. Dist. LEXIS 11717, was issued in January 2022, after the briefing in this case. (*See* Dkt. No. 18, at 6–7 (citing cases)). Thus, even if the Commissioner took the minority view, given the "'considerable flux' in the state of the law," on the issue of whether there is a continuing Appointments Clause violation when an ALJ's appointment was ratified between his or her first and second hearings, the Commissioner's position was substantially justified. *Hubbard v. Comm'r of Soc. Security*, No. 19-cv-282, 2022 WL 11266612, at *4, 2022

U.S. Dist. LEXIS 191023, at *10 (S.D.N.Y. Oct. 19, 2022) (denying motion for EAJA fees even though the plaintiff had prevailed, explaining that there was "'considerable flux' in the state of the law" on whether an Appointments Clause challenge had to be raised at the agency level to be preserved for federal court review); *see also Alhamedi v. Mukasey*, No. 07-cv-2541, 2008 WL 84543, at *1, 2008 U.S. Dist. LEXIS 1133, at *3–4 (S.D.N.Y. Jan. 7, 2008) (finding the government's position was "substantially justified" even though the government had relied on a "minority opinion," that the court had rejected, noting that the issue was unsettled and "no Court of Appeals had ruled on the issue," and explaining that "[t]he fact that a case raises a question of first impression or unsettled issues of law is properly considered as one factor in determining whether the Government's position is substantially justified").

Thus, the Court finds that the Commissioner has met her burden of showing that her position was substantially justified.

### 2.     Underlying Merits of ALJ's Decision

Plaintiff requests that if the Court finds the Commissioner's position regarding the Appointments Clause substantially justified, the Court should "determine in the first instance if the Commissioner's position in this case was substantially justified regarding the merits." (Dkt. No. 22, at 5–6). In support, Plaintiff argues that the ALJ "failed to properly weight [sic] the medical evidence and properly determine Plaintiff's residual functional capacity" and "failed to properly evaluate [Plaintiff's] subjective statements." (Dkt. No. 22, at 6).

Here, the Court reversed and remanded the ALJ's decision to correct the Apportionments Clause defect. (Dkt. No. 18, at 7–8). In doing so, the Court did not evaluate the underlying merits of Plaintiff's benefits claim. In considering an application for an award under the EAJA, a court must evaluate whether the Commissioner was "substantially justified on the issue . . . that caused

[the district court] to remand this case." *Maxey v. Chater*, No. 93–cv–606 (RSP/GJD), 1996 WL 492906, at *3, 1996 U.S. Dist. LEXIS 12548, at *7–8 (N.D.N.Y. Aug. 28, 1996) (Pooler, J.); *see also Beaulieu v. Colvin*, No. 3:15-cv-449, 2015 WL 9165877, at *1, 2015 U.S. Dist. LEXIS 167997, at *3 (D. Conn. Dec. 16, 2015) ("When, as here, a case has been remanded, the Commissioner must show that her position was 'substantially justified as to the issue upon which this Court remanded.'" (quoting *Lugo v. Astrue*, No. 11-cv-6028, 2012 WL 4026848, at *3, 2012 U.S. Dist. LEXIS 130217, at *8 (W.D.N.Y. Sept. 12, 2012)); *cf.*, *Lugo*, 2012 WL 4026848, at *3, 2012 U.S. Dist. LEXIS 130217, at *8 (explaining that "[t]he fact that this Court may have agreed with Defendant on some issues" did not "establish 'substantial justification' under EAJA" because the defendant must show substantial justification "as to the issue upon which this Court remanded").

Having determined that the Commissioner's position on the issue upon which this Court remanded this action—an Appointments Clause violation—was substantially justified, the Court declines to evaluate the underlying merits of the ALJ's decision at this stage in the litigation. *See Marant v. Saul*, No. 18-cv-4832, 2020 WL 3402416, at *6 n. 6, 2020 U.S. Dist. LEXIS 107680, at *16 n.6 (E.D. Pa. June 19, 2020) ("Because the basis for my remand was the Appointments Clause issue, I do not address the Commissioner's position that his argument on the merits was substantially justified. The ALJ who rendered that decision was not constitutionally appointed, so whether supported by substantial or not, the case must be considered by a different properly appointed ALJ."); *Dove-Ridgeway v. Saul*, No. 19-cv-00035, 2021 WL 1827206, at *3 n.30, 2021 U.S. Dist. LEXIS 87380, at *6 n.30 (D. Del. May 7, 2021) (same); *Brown v. Comm'r of Soc. Sec*, No. 19-cv-05613, 2022 WL 856081, at *2, 2022 U.S. Dist. LEXIS 56252, at *5–6 (W.D. Wash. Jan. 20, 2022) (same); *but see Hoover v. Saul*, 485 F. Supp. 3d 538, 543–45 (M.D.

Pa. 2020) (granting EAJA attorney's fees on the basis that the Commissioner's position on the underlying merits was not substantially justified even though the court had remanded case on Appointments Clause issue, without reaching the merits).

Accordingly, Plaintiff's motion for fees and costs under the EAJA is denied.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that the Plaintiff's motion for attorney's fees (Dkt. No. 20) is **DENIED**.

**IT IS SO ORDERED.**

Date: <u>April 21, 2023</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge