**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MELISSA L.R.,[1]

                            Plaintiff,                    1:21-cv-00318 (BKS)

v.

MARTIN J. O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

---

**Appearances:**

*For Plaintiff:*
Charles E. Binder
Law Office of Charles E. Binder and Harry J. Binder, LLP
485 Madison Avenue, Suite 501
New York, NY 10022

*For Defendant:*
Carla B. Freedman
United States Attorney
Kathryn Pollack
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Presently before the Court is a motion by Plaintiff's counsel, the Law Office of Charles

E. Binder and Harry J. Binder, LLP ("Binder Law Office"), for $30,571.68 in attorney's fees in

under the Social Security Act, 42 U.S.C. § 406(b), following's Plaintiff's receipt of $122,286.70

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

in past-due benefits.[2] (Dkt. No. 24). The Commissioner of Social Security "neither supports nor opposes counsel's request for attorney's fees," asserting that it "is for the Court to decide" whether the request is reasonable. (Dkt. No. 26). For the reasons that follow, the motion is granted.

## II.    FACTS

On May 31, 2016, Plaintiff applied for Social Security Income and Social Security Disability benefits. (R. 333, 340).[3] Following an initial denial, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). (R. 198–204, 206). ALJ Andrew Soltes held a hearing on January 2, 2018, (R. 85–139), and on March 8, 2018, issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act (R. 176–88). Plaintiff filed a request for review of that decision with the Appeals Council. (R. 195–96). On June 22, 2019, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case back to ALJ Soltes for further proceedings. (R. 195–96). On February 18, 2020, ALJ Soltes, held a second hearing, (R. 34–83), and on March 30, 2020, issued a second decision finding that Plaintiff was not disabled. (R. 11–24).

On June 21, 2018, between Plaintiff's first and second hearings before ALJ Soltes, the Supreme Court issued *Lucia v. S.E.C.*, 585 U.S. 237 (2018), holding that because the Appointments Clause allowed "[o]nly the President, a court of law, or a head of department" to appoint "Officers of the United States," 585 U.S. at 244 (citing U.S. Const. art. II, § 2, cl. 2), and the Securities and Exchange Commission's ("SEC") ALJs were "Officers of the United States," they had been unconstitutionally appointed, *id.* at 251. The "'appropriate' remedy for an

---

[2] Plaintiff's submissions reflect an award of $122,286.72, (Dkt. No. 24-2, at 4), but the notice of award indicates an award of $122,286.70, Dkt. No. 24-5, at 9).

[3] The Court refers to the Administrative Record, (Dkt. No. 9) as "R."

adjudication tainted with an appointments violation," the Court explained, was "a new 'hearing before a properly appointed' official." *Id.* (quoting *Ryder v. United States*, 515 U.S. at 182–83).

On July 16, 2018, recognizing that Social Security ALJs, like the SEC ALJs at issue in *Lucia*, had been unconstitutionally appointed because they "had been selected by lower level staff rather than appointed by the head of the agency," *Carr v. Saul*, 593 U.S. 83, 86 (2021), the SSA's Acting Commissioner "pre-emptively 'address[ed] any Appointments Clause questions involving Social Security claims' by 'ratif[ying] the appointments' of all SSA ALJs and 'approv[ing] those appointments as her own.'" *Carr*, 593 U.S. at 86-87 (quoting 84 Fed. Reg. 9583 (2019)). Thus, while ALJ Soltes had not been constitutionally appointed at the time of Plaintiff's first hearing, by the time ALJ Soltes conducted Plaintiff's second hearing on February 18, 2020, (R. 34), he had been constitutionally appointed.

On March 9, 2021, Plaintiff Melissa L.R. signed a "Retainer and Assignment," hiring the Binder Law Office to represent her on a contingency-fee basis whereby Plaintiff agreed to pay up to 25 percent of any past-due benefits awarded. (Dkt. No. 24-5, at 2–3). On March 19, 2021, Plaintiff filed this action under 42 U.S.C. § 405(g) seeking review of the Commissioner's denial of benefits. (Dkt. No. 1). After reviewing the Administrative Record, (Dkt. No. 9), and briefing by both parties, (Dkt. No. 14, 15), the Court granted Plaintiff's request for remand for rehearing before a new ALJ, concluding "that rehearing by the same ALJ, even if properly appointed, d[id] not cure the Appointments Clause defect." (Dkt. No. 18, at 7).

On March 14, 2023, a third hearing was held before a new ALJ, Paul F. Kelly. (Dkt. No. 24-4, ¶ 6). A supplemental hearing was held on February 1, 2024. (*Id.*). In a written decision dated April 22, 2023, ALJ Kelly found Plaintiff disabled since her alleged onset date of October 31, 2014. (*Id.*). The Social Security Administration issued a Notice of Award, indicating that

Plaintiff was entitled to $122,286.70 in past-due benefits and that $30,571.68 was "being withheld for the payment of attorney's fees." (Dkt. No. 24-5, at 9).

On October 1, 2024, Plaintiff "received a Notice of Award . . . indicating that $30,571.68, representing 25% of the claimant's past due benefits are being withheld for the payment of attorney's fees." (Dkt. No. 24-4, ¶ 12; Dkt. No. 24-5, at 9 ("We withheld $30,571.68 from your past due benefits in case we need to pay your lawyer.")).

The Binder Law Office now moves for $30,571.68 in attorney's fees and assert that from 2021 to 2022, Attorneys Daniel S. Jones and Charles E. Binder spent 35 hours and 4.30 hours, respectively, working on Plaintiff's case at the federal court level. (Dkt. No. 24-4, ¶ 8; Dkt. No. 24-5, at 5 (contemporaneous billing records), reflecting an hourly rate of $777.90.

## III.    DISCUSSION

Section 406(b)(1) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1)(A). The Supreme Court has stated that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Second Circuit has "held that 'where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Fields v.*

*Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (1990)).

"In evaluating the reasonableness of the contingency agreement in a given case," a court must "determine whether the contingency percentage is within the 25% cap . . . whether there has been fraud or overreaching in making the agreement, and . . . whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 853 (quotation marks omitted). The Second Circuit has "explained that a court may reduce the amount of attorney's fees 'provided it states the reasons for and the amounts of the deductions.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

Factors a court "might consider in conducting this reasonableness analysis" include (1) "the character of the representation and the results the representative achieved"; (2) whether 'the attorney is responsible for delay,' lest the attorney 'profit from the accumulation of benefits' during a delay that the attorney caused"; and (3) whether "'the benefits are large in comparison to the amount of time counsel spent on the case'—the so-called 'windfall' factor." *Id.* at 853. (quoting *Gisbrecht*, 535 U.S. at 808).

The fee agreement in this case states that the attorney's fees "will not exceed 25% of any back due benefits." (Dkt. No. 24-5, at 2). There is no suggestion that the fee requested is out of line with the character of the representation or the results the Binder Law Office achieved, nor is there any suggestion that Plaintiff's counsel delayed or attempted to delay resolution of this litigation. Accordingly, the Court must determine whether an award of the attorney's fees requested would amount to a windfall for the Binder Law Office.

When determining whether an award of attorney's fees constitutes a windfall, the factors courts have considered include: "the ability and expertise of the lawyers and whether they were

particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Fields*, 24 F.4th at 854.

Attorney Jones has been admitted to practice law since 2010, and "has practiced exclusively in the area of federal court appeals of Social Security disability claims . . . having worked on over a thousand cases on briefs filed in every District Court representing all 50 states as well as the Districts for the District of Columbia and the District of Puerto Rico," and "having drafted briefs filed in all twelve of the Circuit Courts that hear appeals of Social Security claims as an attorney during that time." (Dkt. No. 24-4, ¶ 9). In addition, Attorney Jones "is the co-author of Social Security Law and Practice, part of the New York Lawyers' Practical Skills Series for the New York State Bar Association," "has written for the newsletter issued by the Social Security section of the Federal Bar Association," and is "a member of the National Organization of Social Security Claimant's Representatives ('NOSSCR')." (*Id.*). Prior to becoming an attorney, Jones "spent 8 years working as a non-attorney representative of claimants appearing before the Social Security Administration at all levels of the administrative process." (*Id.*).

Attorney Binder has spent "a number of years working almost exclusively on Social Security disability cases both at the administrative and federal court level" and has "handled thousands of administrative hearings and federal appeals." (Dkt. No. 24-4, ¶ 11). Attorney Binder was an officer and member of the NOSSCR's Executive Committee and is a "past president of the New York Social Security Bar Association." (*Id.*). Attorney Binder has regularly lectured on Social Security disability on behalf of the New York State Bar Association concerning Social Security disability, at NOSSCR conventions, at Practising Law Institute conferences, and for the pro bono panel of the Eastern District of New York. (*Id.*). In addition,

Attorney Binder "testified before the House Ways and Means Social Security Subcommittee about the Social Security Disability program." (*Id.*).

As noted Attorneys Jones and Binder spent 39.30 hours working on this case at the federal level, drafting the complaint, reviewing the 1,029-page Administrative Record, and drafting the 36-page brief that led to the Court's remand of the Commissioner's decision. (Dkt. No. 24-5; *see also* Dkt. No. 9 (Administrative Record); Dkt. No. 14 (Plaintiff's Brief)). The Court therefore concludes the "specialization and expertise" of Attorneys Jones and Binder "enabled them to operate especially efficiently" in this case, obtaining an order of remand in 39.3 hours of attorney time. *Fields*, 24 F.4th at 854. Though an hourly rate of $777.90 is high in this District, where, as here, the specialization and experience of the firm and the attorney enabled them to work efficiently and obtain success for their client, "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." *Id.*

"Courts should consider the nature and length of the professional relationship with the claimant—including any representation at the agency level—when determining whether a requested fee can truly be deemed a windfall." *Id.* at 855. Here, it appears that Attorney Binder not only represented Plaintiff at the Agency level on remand, (Dkt. No. 24-5, at 22), but that the Binder Law Office has represented Plaintiff since October 2017, (Dkt. No. 24-2, at 4). And as the hourly rate ($777.90) in this case is half the rate permitted in other cases where firms represented the plaintiffs at the agency level, there is little basis for concluding that awarding such an hourly rate would constitute a windfall. *See id.* at 855 (finding "de factor hourly rate of $1,556.98" could not be deemed a windfall where firm represented the plaintiff at the agency level and in federal court).

The "satisfaction of the disabled claimant" is also a relevant factor in evaluating windfall. *Id.* at 855. Here, Plaintiff obtained a favorable decision and recovered $122,286.70 in past-due benefits. (Dkt. No. 24-5, at 9). There is no evidence in the record that Plaintiff is anything but satisfied with this result.

Finally, an "important factor to consider is how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 856. When counsel took on Plaintiff's case, there was no certainty of success. As Plaintiff's counsel points out, "there was great uncertainty regarding whether [Plaintiff] would be found disabled given the multiple denials of her claim for benefits." (Dkt. No. 24-2, at 4). "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells*, 907 F.2d at 371. Further, in this case, the Commissioner actively opposed Plaintiff's request for remand, (Dkt. No. 15), and Plaintiff's success in this case is attributable to the efforts of Plaintiff's counsel in successfully advocating her position and identifying the areas necessitating remand. *Cf.*, *Fields*, 24 F.4th at 856 (explaining that "[a] windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery").

Having considered the relevant factors, the Court concludes that the effective hourly rate requested by Plaintiff's counsel ($777.90) is not a windfall but the "product of efficient and effective representation." *Fields*, 24 F.4th at 856. Moreover, the requested fee is in line with the corresponding hourly rate of attorney's fees approved by district courts within the Second Circuit. *See*, *e.g.*, *Danny F. v. Comm'r of Soc. Sec.*, No. 3:20-cv-1371, 2024 WL 2237151, at *3

2024 U.S. Dist. LEXIS 88999, at *8 (N.D.N.Y. May 17, 2024) (finding that an hourly rate of

$754.67 was reasonable).

Accordingly, Plaintiff's counsel is awarded $30,571.68 in attorney's fees.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for attorney's fees (Dkt. No. 24) in the amount of

$30,571.68 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: <u>November 5, 2024</u>
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge